09-1834-ag
Balde v. Holder

BIA
Abrams, IJ
A099 683 537

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand ten.

PRESENT:
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
GERARD E. LYNCH,
   *Circuit Judges*.

_____

ALSENI BALDE,
  *Petitioner*,

   v.           09-1834-ag
                 NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:   Ronald S. Salomon, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Alseni Balde, a native and citizen of Guinea, seeks review of a March 31, 2009 order of the BIA affirming the February 22, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, which pretermitted Balde's application for asylum as untimely and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"), finding petitioner's testimony incredible. *In re Alseni Balde* No. A099 683 537 (BIA Mar. 31, 2009), *aff'g* No. A099 683 537 (Immig. Ct. N.Y. City Feb. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Balde does not challenge the pretermission of his asylum application, taking issue only with the IJ's credibility finding. The Court reviews the agency's factual findings, including credibility determinations, under the

2

substantial evidence standard. *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003)(per curiam). The agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Here, substantial evidence supports the agency's adverse credibility determination. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The agency reasonably relied on Balde's inability to testify consistently regarding: (1) the nature of his involvement with the UPR political party; (2) the details of his alleged beating while in custody; (3) when and how often he met his cousin in Canada; and (4) how he entered the United States from Canada. A reasonable fact finder would not be compelled to credit Balde's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Although Balde argues that the discrepancies were too minor to support an adverse credibility determination, under the Real ID Act, which applies to Balde's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum

3

applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167. Finally, we find no support for Balde's argument that the IJ failed to consider evidence in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006).

Accordingly, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B). Because all of Balde's claims for relief were based on the same factual predicate, the agency's denial of withholding of removal and CAT relief was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4